**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Patrick Atkinson, an individual, and | ) | |
| The God's Child Project, a North Dakota | ) | |
| nonprofit organization, | ) | **ORDER RE** |
| | ) | **DISPUTE RE TAKING OF** |
| Plaintiffs, | ) | **ADDITIONAL DEPOSITIONS** |
| | ) | |
| James McLaughlin and | ) | |
| Roberta McLaughlin, | ) | |
| | ) | Case No. 1:03-cv-091 |
| Defendants. | ) | |

**IT IS SO ORDERED:**

On October 27, 2006, the court held a telephonic hearing at the request of the parties to discuss a dispute over whether the plaintiffs should be permitted to take additional depositions regarding a recent decision by  Kiwanis International ("Kiwanis") not to award plaintiff Patrick Atkinson its World Service Medal as previously announced.  There is some indication that Kiwanis decided not to make the award after it became aware of allegations against Atkinson regarding matters that, in part, are the basis for the claims of defamation in this case.  Plaintiffs suspect that the defendants had some involvement in the communication of the information that resulted in Kiwanis not making the award.

The court inquired of the parties whether they wished to submit anything in writing regarding the dispute.  Both parties stated that they wanted the court to resolve the dispute based upon the arguments made during the telephonic hearing.

Plaintiffs state that they have attempted to obtain from Kiwanis the identify of the person communicating the information, but Kiwanis has not been cooperative.  Plaintiffs are requesting that

1

they be permitted to depose a person with knowledge from Kiwanis by way of Rule 30(b)(6) to determine the identity of the person who provided the information.

Defendants object to the taking of the depositions on the grounds that the time period of discovery has closed and because the plaintiffs have not demonstrated why this information could not have been obtained prior to the close of discovery.  Plaintiffs respond by arguing that they should be permitted some discovery with respect to allegedly on-going conduct and the recency of the decision of the Kiwanis.   Plaintiffs further state that they were still attempting to persuade Kiwanis to reverse its decision not to make the award when discovery closed, but were able to issue a subpoena for certain records on the last date of discovery that provides some support for the present request.

After considering the arguments of counsel and the record material, the court is inclined to allow the plaintiffs to go forward on the limited basis set forth below after balancing a number of considerations, including: (1) the postponement of the trial to March 2007; (2) the fact the defendants will not suffer undue prejudice, particularly given the fact that court will permit defendants' counsel to appear by phone;  (3) the fact the court recently allowed the defendants to subpoena documents from a third party after the close of discovery over the objection of the plaintiffs; (3) the reasonableness of the  reluctance of plaintiffs not wanting to aggressively pursue discovery during the period when they were attempting to persuade Kiwanis to reverse its decision; and (4) the possibility of the defendants continuing to engaged in allegedly wrongful conduct.[1]

Based on the foregoing, it is hereby **ORDERED** as follows:

---

[1]  The court indicated it was willing to discuss a general re-opening of discovery with new deadlines for both parties given the fact the trial date had been postponed, but neither party was interested.

1.      Plaintiffs may proceed to depose the persons from Kiwanis regarding the subject of its decision not to make the award to Atkinson and the source of any information that Kiwanis relied upon in making its decision.  In taking the depositions, plaintiffs must make arrangements that will allow defendants' counsel to participate by telephone if defendants' counsel elect to participate by telephone.

2.      If plaintiffs decide that additional depositions of third parties are necessary as a result of information learned during the Kiwanis depositions, plaintiffs shall attempt to first work the matter out with the defendants.   However, if the matter cannot be worked out, plaintiffs must then schedule a telephone conference with the undersigned and the court will consider the necessity of further depositions.

Dated this 30th day of October, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge